1GRISBAUM, Judge.
This appeal is remanded to us by the Louisiana Supreme Court for a determination of quantum, 625 So.2d 492. In making a de novo review, we are required to make our own determination based upon the record evidence.

*995
FACTS

This is a personal injury case. The Louisiana Supreme Court reversed our ruling insofar it denied recovery for a lumbar herniation and related damages.
On January 17, 1992, the plaintiff, Mario Dabog, was a passenger on a motorcycle of her boyfriend, Kenneth Boudreaux. At approximately 3:30 p.m., the motorcycle came to a stop at a traffic signal. Directly behind it was a stopped truck operated by Danny Stevens. The defendant, John Deris, while driving a car within the course and scope of his employment with Acme Truck Line, Inc., approached the traffic signal. He became distracted | aand hit the rear of Mr. Stevens’ truck, which, in turn, rolled into the motorcycle.
Within three days of the accident, Mario Dabog started medical treatment for neck, back and muscle pain. During the course of the medical treatment, she was diagnosed with a herniated lumbar and cervical disc. She underwent lumbar surgery and incurred $25,614.61 in medical bills. As a result of the lumbar injury, the plaintiff will have a 10-15 percent permanent partial total bodily impairment.
The testimony at trial also indicated the plaintiff suffered an anxiety reaction due to her medical condition. Plaintiff was prescribed medication and also' recommended therapy.

ANALYSIS

Plaintiff had to undergo surgery for lumbar herniation, which the Louisiana Supreme Court has held was causally related to the accident of January 17, 1992. She also suffered some anxiety problems. Accordingly, we find an appropriate award of pain and suffering under the circumstances would be $115,000.00. See Willis v. Letulle, 597 So.2d 456 (La.App. 1st Cir.1992) and Malbrough v. Wallace, 594 So.2d 428 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992).
The medical bills in the record indicate plaintiff is to be compensated for the sum of $25,614.61.
The economic loss suffered by plaintiff is next. The evidence in the record indicates plaintiff was employed as a manager for Little Caesar’s Pizza. She was forced to quit because her back pain prevented her from carrying bales of flour and cheese. Following surgery, she intended to return to work and did obtain employment at Mud Bugs, which paid $5.00 an hour. After eight months, plaintiff returned to a minimum wage job because she claimed the management at Mud Bugs wanted her to dance on counter tops.
Testimony by Dr. Cornelius Gormon, a vocational rehabilitation expert, illustrates he did not believe that the plaintiff would earn more than $5.00 an hour full time. Plaintiff ^testified she applied to become a 911 operator with the Jefferson Parish Sheriffs Office, a job which paid $380 a week ($9.50 an hour) but was turned down due to her medical condition. We note the rejection letter from the Jefferson Parish Sheriffs Office does not state anything about plaintiffs medical condition as being the reason she was not hired. However, plaintiff did testify she was attending Delgado with the intention of getting a degree in criminal justice and perhaps becoming a deputy. Plaintiff has obtained a high school diploma and basic first-year courses at Delgado. The record indicates she was able to obtain employment after the accident at the same rate as before her accident. The only restrictions noted in the record are that plaintiff will be unable to lift anything heavy. Given her 10-15 percent total body impairment, we feel that the award of $100,000.00 for future loss of earning capacity is appropriate.

DECREE

For the reasons assigned, it is ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of the plaintiff, Mario Dabog, and against defendants, John N. Deris, Acme Truck Line, Inc., and U.S. Fire Insurance Company, in the amount of $115,000.00 for pain and suffering, $25,614.61 in medical bills, and $100,000.00 in loss of future earning capacity, along with judicial interest from date of judicial demand until paid.

QUANTUM AWARDED ON REMAND.